

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Glenn Link
Acting Executive Secretary
Texas State Parks Board
Austin, Texas

Dear Sir:

Opinion No. O-4083
Re: Authority of Texas Parks Board
or other State agency to deed
certain land to City of Kerr-
ville for park purposes.

We are in receipt of your letter of October 7, 1941,
wherein you request the opinion of this department upon the
following question:

"May the Texas State Parks Board or any
other state agency of the State of Texas deed
any portion of the area described in said deed
(submitted with request) to the City of Kerr-
ville for park purposes?"

An examination of the submitted deed discloses that
the City of Kerrville acting by its Mayor, granted, sold and
conveyed to the State of Texas for a recited consideration of
Ten Dollars cash in hand paid, a certain tract of 500 acres of
land, described in said deed, for so long as the same should
be used for State Public Park purposes. And said deed provi-
ded that in the event the use of said land as a State park
should cease, then and thereupon such conveyance should be-
come and be null and void, and said land should revert, with-
out suit or re-entry, to the grantor.

The formalities of the deed appear proper in every
respect. Thus the State acquired a fee simple estate subject
to the conditional limitation that the area must be used for
park purposes or else revert automatically to the grantor.
See 12 Texas Jur. p. 125. While the deed recites a nominal
consideration the facts further disclose that the conveyance
was actually an outright land donation to the State of Texas
for park purposes.

It is a well settled rule that public officers and governmental boards possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred. 34 Tex. Jur. 440; Harlingen Independent School Dist. v. C. H. Page & Bro., 48 S. W. (2d) 983.

The Texas State Parks Board is an agency of the State, authorized to and charged with the responsibility of acquiring and maintaining a system of public parks for the benefit of the people generally, for the benevolent purpose of promoting health, happiness and general welfare of citizens. State v. Brannam, Civ. App., 11 S. W. (2d) 347. It derives all its power and authority by delegation from the State. See Acts 1933, 43 rd Leg., p. 571, Ch. 187; Article 6068, R. C. S., as amended by Acts 1939, 46th Leg., R. S., p. 516.

Unless specifically authorized by the Constitution or statutes, such state agencies have no authority to convey any property acquired by them for the purposes of carrying out their delegated duties. When authorized by statute to convey such property, they must do so strictly in the manner provided.

The powers, if any, of the State Parks Board to convey the lands under its control are found in Article 6068, V.A.C.S., which we quote as follows:

"The said Board shall solicit donation to the State of tracts of land, large or small, to be used by the State for the purpose of public parks and/or recreational areas, and said Board is hereby authorized to accept in behalf of the State the title to any such tract or tracts of land, or, where the site proposed is not deemed suitable for a State Park by the State Parks Board, to reject or refuse title so that it shall not vest in the State, or if title to a site has become vested in the State for park purposes and the site is deemed unsuitable for a State Park by the State Parks Board, whether the United States of America has undertaken the development of any site in which title to same is now vested in the State for park purposes; the Board is hereby authorized and empowered to transfer title to another

State Department or institution wishing the
land, or where the land has been donated by
a city or county or other donor, to transfer
title to such city or county or other donor
where they wish the site returned to them,
or where the United States of America has
undertaken the development of any site in
which title to same is now vested in the State
for park purposes to transfer title to the
United States of America, or where the deed
to the State Parks Board contains a reversion
clause providing that title shall revert to
the donor when not used for park purposes, to
declare that the park is unsuitable for State
Park purposes and that title has reverted to
the grantors: provided that in all instances
where the Board acts under the authority of
this statute, it must do so by a two-thirds
(2/3) vote of the members of the Board, and
providing that the Chairman of the Board
shall sign all instruments authorized under
this Act. As amended Acts 1939, 46th Leg.,
p. 516." (Underscoring ours).

Under the provisions of this section the State Parks
Board has the authority "where land has been donated by a city,
to transfer title to such city where they wish the site returned
to them, upon a two-thirds (2/3) vote of the members of the
Board authorizing same, and providing that the Chairman of the
Board shall sign all instruments so authorized."

Under another clause of the same statute which we
quote as follows: "or where the deed to the State Parks Board
contains a reversion clause providing that title shall revert
to the donor when not used for park purposes" the Board has an
additional authority under the fact situation and statute "to
declare that the park is unsuitable for State park purposes
and that title has reverted to the grantors."

Therefore it is the opinion of this department that
the Texas State Parks Board has the requisite authority to
deed any portion of the described donated lands to the City

of Kerrville, if it wishes that same be returned, under the conditions and in the manner prescribed under Art. 6068, V. C. S., as amended by Acts 1937, 45th Leg., p. 360; Acts 1939, 46th Leg., p. 516.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By           /signed/
        Glenn R. Lewis
           Assistant


By           /signed/
        Chester E. Ollison

CEO:eah


APPROVED OCT 28, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION COMMITTEE
By /s/ B. W. B.,
       Chairman


This Opinion Considered and
Approved in Limited Conference